SAMUEL SMITH, plaintiff in error, vs. MERRICK BARNES, defendant in error.

An order drawn by A. on B. in favor of C., to pay the latter $88 37-100 *in lumber*, is not such an instrument as requires demand and notice, in order to bind the drawer.

Assumpsit, from Dougherty county. Decision by Judge ALLEN, at November Term, 1857.

This was an action by Samuel Smith against Merrick Barnes, upon the following written instrument, to-wit:

ALBANY, January 4, 1855.

*Mr. George F. Drew :*

Sir: Please let Samuel Smith have eighty-eight and thirty-seven-one hundred dollars worth of lumber at your mill when called on, at one dollar per hundred feet for square lumber, which I have this day credited on your note that I hold for two hundred dollars, payable in lumber at your mill, when called for, at one dollar per hundred feet, and dated, Dec. 25th, 1854.

And oblige,

MERRICK BARNES.

*Attest :* A. Y. HAMPTON.

The declaration contained three counts: The first was a special count on the instrument averring presentment, refusal to pay or accept, and notice to the drawer. The second; a count that defendant was indebted to plaintiff eighty-eight hundred and thirty-seven feet of lumber, at one dollar per hundred feet, and in consideration thereof, undertook and promised to pay said lumber at the rate specified, as its value. Third, was a count for money paid, and had and received.

Upon the trial, plaintiff offered in evidence the order above stated, which was received.

He then offered and read the answers of *George F. Drew,* to interrogatories, who testified : That he knew the parties, that no order was ever presented to him by plaintiff, but plaintiff informed him that he had such an order, and he told plainiff if he would make out the bill, he witness, would saw it for him, which plaintiff said he would do; but before it was done, witness discontinued his mill : That he was noti-

fied of the order in Albany, at plaintiff's store, in January, 1855, and agreed to pay the order. It was about fifteen or twenty days after he was notified of the order, that he discontinued sawing. At the time he was notified of the order, he could have filled it. Cannot say how long after the date of the order, that he received notice; he agreed to saw the lumber, and plaintiff agreed to wait until it was done. The order was never presented, except as before stated; he did not refuse to accept it, but agreed to saw the lumber, and plaintiff agreed to take it.

Plaintiff then closed, and defendant moved for a nonsuit, upon the ground that the paper declared on and offered in evidence, was a bill of exchange, and the drawer thereof was entitled to notice of non-acceptance or non-payment.

. The Court granted the motion and nonsuited plaintiff; and plaintiff's counsel excepted.

CONNELLY, for plaintiff in error.

VASON & DAVIS, for defendant in error.

*By the Court.*—LUMPKIN J. delivering the opinion.

It seems that Barnes, the defendant below, as well as in error, held the note of one George F. Drew, for two hundred dollars, payable in lumber at Drew's mill, when called for, at one dollar per hundred feet. Barnes gave to Samuel Smith the plaintiff, an order on Drew, for $88 37-100 worth of lumber, to be delivered when called for, upon the same terms, and entered a credit upon Drew's note to him for that amount. The order was dated the 25th of December, 1854. Smith met Drew in Albany, a few days afterwards, and informed him that he had the order, when Drew told him to make out a bill of lumber and he would saw it for him. Smith promised to do so, but Drew discontinued his mill some fifteen or twenty days thereafter.

Was Smith bound to give notice to Barnes?

To support the affirmative of this proposition, two things are necessary. 1st. That the instrument of writing given by Barnes to Smith is a bill of exchange; and 2dly. That being a bill of exchange, it is not included in the Act of 1826. (*Cobb* 594.) This act dispenses with notice, to parties secondarily liable, in all other than bankable paper.

We hold that Mr. Barnes has failed to make good the first ground, namely, that this instrument is a bill of exchange. It is investing such a neighborhood transaction as this, with too much dignity to call and consider it as such. And as to the second point, this Court has gone so far as to hold, that the act did apply to endorsers on foreign bills of exchange. (4 *Ga. Rep.* 106.) Whether it extends to parties, who occupy the relation of drawer and payee, has not I believe, been decided. We do not wish to be considered as expressing any opinion upon the second point.

Judgment reversed.